UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA MCNUTT,<br><br>    Plaintiff,<br><br>v.<br><br>RETIRMENT VILLAGE OF NORTH STRABANE FACILITY OPERATIONS LLC d/b/a CONSULATE RETIREMENT VILLAGE OF NORTH STRABANE,<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Melissa McNutt, by and through her attorney, Sean L. Ruppert, Esquire of Kraemer, Manes & Associates LLC, files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101-12213, the Family Medical Leave Act ("FMLA") 29 U.S.C. §2601-2654, and the PA Whistleblower Law, 43 Pa.C.S. §§ 1421-1428.

### II. Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's ADA and FMLA claims pursuant to 28 U.S. C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action

is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

5. Plaintiff, Melissa McNutt, is an adult individual with a primary residence located at 614 Euclid Avenue, Canonsburg, PA 15317.

6. Defendant, Retirement Village of North Strabane Facility Operations, LLC d/b/a Consulate Retirement Village of North Strabane, is an Ohio business with a regular place of business located at 200 Tandem Village Road, Canonsburg, PA 15317.

### IV. Facts

7. Plaintiff was hired by Defendant on December 12, 2014 as a part-time personal care aid. Her job duties included meeting patient care needs, such as assisting them with meals, dressing, shower and bathroom needs.

8. Shortly after her hiring, Plaintiff became the victim of frequent bullying from several co-workers, named Heidi Speicher and Jodi Medard. The women called Plaintiff names, including "crazy" and "psycho." Plaintiff reported this behavior to her immediate supervisors, but no action was taken to prevent this harassment. This type of harassment continued throughout her employment.

9. Ms. Medard was especially hostile and intimidating to Plaintiff on December 31, 2015. This treatment caused Plaintiff to have a panic attack at work. Plaintiff reported the incident to management.

10. Subsequently, Robin Garbinsky, Defendant's Regional District Human Relations Manager, interrogated Plaintiff about the incident. Rather than address Plaintiff's concerns about

harassment, Ms. Garbinsky, based on allegations made by Ms. Medard, accused Plaintiff of sleeping during working hours, and suspended her for three (3) days without pay.

11. An investigation was performed. No evidence was found that supported Ms. Medard's allegations that Plaintiff was sleeping during working hours.

12. Upon her return to work, Plaintiff was informed that the reason for her suspension was not the accusations of sleeping, but that she had "stolen company time" on December 31, 2015 by staying past the end of her shift.

13. Plaintiff stated she had simply forgotten to clock out in the middle of her panic attack, and stated she was fine with having the hours deducted from her pay for the period.

14. Plaintiff had previously been diagnosed Major Depressive Disorder ("MDD"). At the urging of her doctor, Plaintiff requested, and was approved for, FMLA leave beginning on February 8, 2016.

15. MDD is a mental health condition which causes the patient to experience periods of extremely depressed mood.

16. Symptoms of MDD include, but are not limited to, 1) sleeping up to 16 hours in a day; 2) loss of enjoyment of normally pleasurable activities; 3) extreme anxiety; 4) panic attacks; and 5) suicidal thoughts.

17. These symptoms substantially limit several of the Plaintiff's major life activities, including sleeping, eating, reading, and driving.

18. Following these incidents, Plaintiff's physician recommended that she request a leave of absence to recover from the symptoms which had been exacerbated by the treatment she received at work.

19. Plaintiff was approved for FMLA leave, beginning on February 8, 2016.

20. Plaintiff returned from FMLA on March 9, 2016.

21. Upon her return to work, management began to engage in unnecessary and harassing discipline. Plaintiff was disciplined on several occasions for reporting incidents where she felt that patient care had been substandard. In response, Ms. Garbinsky and Executive Director Tyffini Balog disciplined Plaintiff, telling her that she was not to "supervise" other employees.

22. Plaintiff notified Nursing Supervisor for Defendant, Arlene Hartley, of her mental health conditions, and stated that she was taking medication as treatment. On one (1) occasion, Plaintiff requested to leave early because of her mental health issues.

23. On June 20, 2016, Plaintiff witnessed and incident which she considered to be patient abuse by a coworker. She first reported the incident to her supervisor, Agnes Hull. Ms. Hull took no action to address Plaintiff's concerns, and instead informed Plaintiff's co-workers that Plaintiff had made a report.

24. When no action was taken, she called the company's internal employee hotline on June 23, 2016 to report the incident.

25. The weekend of June 24, 2016, Plaintiff experienced increased bullying and intimidation from her coworkers. Linda Shupus, a co-worker, told Plaintiff "some people need to keep their mouth shut!" Ms. Balog and Ms. Garbinsky were aware this treatment and did not do anything to stop it.

26. Plaintiff later reported the incident to the Department of Health and Human Services ("DHHS"), because she believed Ms. Balog was attempting impede the internal investigation.

27. On July 15, 2016, Plaintiff's position with Defendant was terminated. Plaintiff was told that she was insubordinate and she created a hostile work environment. Ms. Balog threatened Plaintiff that if she did not leave the premises in "5 minutes" she would call the police.

## V. Allegations

### Count I
### Hostile Work Environment in Violation of the ADA

28. The preceding paragraphs are incorporated herein as if set forth at length.

29. Plaintiff has been diagnosed with MDD.

30. Defendant became aware of Plaintiff's diagnosis when she was approved for FMLA leave, and was again informed when Plaintiff disclosed her conditions, and medications, to Ms. Hartley.

31. Plaintiff was repeatedly harassed by co-workers, including being called "crazy" and "psycho."

32. Plaintiff's supervisors were aware of this treatment, but took no reasonable steps to protect Plaintiff.

33. Plaintiff suffered severe emotional distress as a result, and experienced exacerbations of the symptoms of her medical conditions.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor, and against the Defendant, and award any and all available damages, including back pay, front pay, compensatory damages, punitive damages, attorney fees, court costs, pre-judgment and continuing interest, and any other such relief as the Court deems necessary and appropriate.

### Count II
### Termination in violation of the ADA

34. The preceding paragraphs are incorporated herein as if set forth at length.

35. Plaintiff has been diagnosed with MDD.

36. Defendant became aware of Plaintiff's diagnosis when she was approved for FMLA leave, and was again informed when Plaintiff disclosed her conditions, and medications, to Ms. Hartley.

37. Plaintiff began being subjected to unnecessary and harassing discipline after returning from FMLA. Such discipline included frequent oral admonishments for simply reporting things she observed during her shift to her supervisors, in an attempt to increase the quality of care to the patients.

38. Plaintiff believes, and therefore avers, that Defendant's discipline was a pretext for discrimination on the basis of her disabilities.

39. Plaintiff was ultimately terminated. Defendant stated that her reports, which attempted to improve the quality of care to the patients, were the basis of her termination.

40. Plaintiff believes, and therefore avers, that the reason Defendant offered for her termination was a pretext for discrimination, and that she was terminated on the basis of her disability.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor, and against the Defendant, and award any and all available damages, including back pay, front pay, compensatory damages, punitive damages, attorney fees, court costs, pre-judgment and continuing interest, and any other such relief as the Court deems necessary and appropriate.

## Count III
### Retaliation in Violation of the FMLA

41. The preceding paragraphs are incorporated herein as set forth at length.

42. Plaintiff took four (4) weeks of FMLA leave, beginning on February 8, 2016.

43. Plaintiff returned to work on March 9, 2016.

44. Immediately upon Plaintiff's return to work, she experienced increased harassment from management, including harassing discipline.

45. Such discipline included frequent oral admonishments for simply reporting things she observed during her shift to her supervisors, in an attempt to increase the quality of care to the patients.

46. Plaintiff believes, and therefore avers, that Defendant's discipline was a pretext for retaliation for her taking FMLA leave.

47. Plaintiff was ultimately terminated. Defendant stated that her reports, which attempted to improve the quality of care to the patients, were the basis of her termination.

48. Plaintiff believes, and therefore avers, that the reason Defendant offered for her termination was a pretext for retaliation, and that she was terminated on the basis of her use of FMLA leave.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor, and against the Defendant, and award any and all available damages, including back pay, front pay, compensatory damages, punitive damages, attorney fees, court costs, pre-judgment and continuing interest, and any other such relief as the Court deems necessary and appropriate.

## Count VI
### Retaliation in Violation of PA Whistleblower Law

49. The preceding paragraphs are incorporated herein as set forth at length.

50. On June 20, 2016, Plaintiff witnessed and incident which she considered to be patient abuse by a coworker. She first reported the incident to her shift supervisor. When no action was taken, she called the employee hotline on June 23, 2016 to report the incident.

51. Plaintiff later reported the incident to DHHS, who performed an investigation. Ms. Balog, aware that Plaintiff had made this complaint to DHHS, informed several of Plaintiff's co-workers, for the purpose of making her the target of harassment.

52. Upon information and belief, Plaintiff avers that Defendant receives reimbursements and payments from Medicare and/or Medicaid for patient care.

53. The weekend of June 24, 2016, Plaintiff experienced increased bullying and intimidation from her coworkers. Linda Shupus, a co-worker, told Plaintiff "some people need to keep their mouth shut!" Ms. Balog witnessed this and did not do anything to stop it.

54. On July 15, 2016, Plaintiff's position with Defendant was terminated. Plaintiff was told that she was insubordinate and she created a hostile work environment. Ms. Balog threatened Plaintiff that if she did not leave the premises in "5 minutes" she would call the police.

55. Plaintiff believes, and therefore avers, that the reason given for her termination was pretext for retaliation for reporting alleged abuse to on the corporate hotline, and to DHHS.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor, and against the Defendant, and award any and all available damages, including back pay, front pay, compensatory damages, punitive damages, attorney fees, court costs, pre-judgment and continuing interest, and any other such relief as the Court deems necessary and appropriate.

Respectfully Submitted,

/s/ Sean L. Ruppert
Sean L. Ruppert, Esq.
**KRAEMER, MANES & ASSOCIATES LLC**
PA ID: 314380
US Steel Tower
600 Grant St, Suite 4875
Pittsburgh, PA 15219
(412)626-5550 Direct
(412)637-0144 Fax
sr@lawkm.com